Donald G. Harper and Carol Harper v. Commissioner.
Harper v. Commissioner
Docket No. 1313-62.
United States Tax Court
T.C. Memo 1964-70; 1964 Tax Ct. Memo LEXIS 262; 23 T.C.M. (CCH) 461; T.C.M. (RIA) 64070; March 18, 1964
Donald G. Harper, pro se, 29 Westover Lane, Roselle, Ill. Helen A. Viney, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1959 in the amount of $121.10. The only issue is whether the petitioner, Donald G. Harper, a flight engineer, is entitled to deduct unreimbursed travel expenses in excase of the amount allowed by the respondent. Findings of Fact Some of the facts were stipulated and are so found. Donald G. Harper and Carol Harper are husband and wife who resided in 1959 at 3038 Western Avenue, Park Forest, Illinois. They filed their joint Federal income *263 tax return for the calendar year 1959 with the district director of internal revenue at Chicago. Donald Harper (hereinafter called petitioner) was a flight engineer for United Air Lines during 1959. On flights away from Chicago, United Air Lines furnished hotel rooms, transportation to and from the hotel, and reimbursement for meals, if they were not available during the flight, at the following rates: Breakfast
$1.40
Lunch
1.65
Dinner
3.30
Midnight Snack
1.50
In 1959 petitioner received from United as reimbursement for expenses the amount of $244.85. During the year 1959 petitioner claimed a deduction in his tax return of $964.50 as "travel expenses while away from home 202 days in the occupation of Flight Engineer (Pilot) for United Air Lines, Inc." Respondent allowed only $489.70 as a deduction. Out of the 202 days when the petitioner flew, 80 to 100 of these days were on overnight trips. The remainder were on trips of shorter duration. United Air Lines provided meals on board the airplane for the crew when the flight occurred during mealtime. Petitioner was reimbursed by United for all meals during layover flights in accordance with the rates *264 set out above. When a meal was available for the crew on board the aircraft and they did not eat it, United would not reimburse them for the meals bought upon termination of the flight. At times the petitioner did not eat the meals provided by United because he was too busy performing his regular duties to enjoy them. Petitioner patronized the best restaurants, paid for his meals in cash and spent considerably more than the reimbursement allowance provided by United. Petitioner spent a total of $734.55 for travel expenses while away from home in pursuit of his occupation during the year 1959. Opinion The question we have here is one of fact. It is the respondent's position that any amount expended in excess of $489.70 constitutes an unreasonable and personal expense which does not meet the ordinary and necessary tests of sections 162(a)(2) and 212 of the Internal Revenue Code of 1954. We disagree. Exercising our best judgment on this record, and making appropriate adjustments for meals purchased at times when they were made available by the airline and for meals purchased when petitioner was not away from Chicago overnight, we have found as a fact that *265 the petitioner spent $734.55, instead of $964.50, for traveling expenses while away from home on flights for his employer. Accordingly, Decision will be entered under Rule 50.